WILL.    **Esther and others vs Akins' heirs, and Akins' heirs vs Peggy et al.**

ERROR TO THE GREEN CIRCUIT.

Case 20.    *Will—construction of.    Slaves.*

September 21.    CHIEF JUSTICE ROBERTSON delivered the opinion of the Court.

The case stated.    DAVID RICE, deceased, being the owner of several slaves, *Dick, Edith,* and the children of Edith, devised *Dick* to one of his sons, the "use of *Edith*" to a daughter, and as to the children of Edith, made the following devise: "But it is my will that the children that the said "Edith now has, may be free, as well as those she may "have hereafter, the males when they shall severally arrive at the age of 25—the females when they shall arrive at the age of 23 years. This because freedom is a "natural and inalienable right, belonging to them as well "as others, of which the proprietor of man has not authorized me to deprive them."

About twenty two years after the testator's death, several persons, as grand children of Edith, filed bills in Chancery for obtaining liberation from bondage—and all the cases having been consolidated by consent, the Circuit Court liberated all the complainants except Esther, Dudley and Nancy Jane, three grand children who were born before their mothers had attained 23 years of age.

A will provides that the female children of Edith which she now has, or may hereafter have, at the age of 23, shall be free. The grand children of E. born before their mothers arrive at 23, are slaves: *partus sequitur ventrem* applies.

We cannot construe the will as emancipating Edith. It certainly did not contemplate the manumission of Dick. Then the reason assigned by the testator for liberating Edith's children, is not, when considered in reference to Dick and Edith, necessarily inconsistent with the unambiguous, liberal import of the emancipating clause—that is, that the emancipation was prospective, and applied only to Edith's *children,* and after they had attained the prescribed ages. This case is essentially different from that of *Hudgens* vs *Spencer,* (4 *Dana,* 589.) We do not feel permitted, in this case, to infer from the will, as we did in that case, that the testator intended immediate freedom, subject only to temporary up-

pilage. But we feel constrained to decide, as we did in the more analagous case of *Jameson* vs *Emeline*, (5 *Dana*, 207,) that Edith's children were slaves until they had respectively attained the ages prescribed in the will. And we can perceive nothing that would authorize the judicial deduction that the testator thought of or intended to make any provision for the children who might be and were borne by the females before they were 23 years of age, and whilst they were still slaves. *Partus sequitur ventrem*, hitherto applied to such cases, (however questionably in the opinion of some at first,) must, therefore, govern this case, and dooms Esther, Dudley, and Nancy Jane to slavery, because, at their births, their mothers were slaves, and the will contains no provision as to themselves.

We are also of the opinion that the testator, when he died, as well as when he published his will, was the owner of the mothers of all the other complainants, and that, therefore, as they were all born since their mothers were free, the decree liberating them is right. But the case is not prepared in such a manner as to authorize a decree for compensation or damages. That matter not being litigated in this case, may perhaps be the subject of ulterior investigation.

Wherefore, the entire decree, as rendered, must be affirmed.

*Owsley & Goodloe and Cates & Lindsey* for the heirs: *Monroe, Morehead & Reed and Spencer* for the colored persons.